IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02608–REB–KMT

RONDA KAY DRAKE,

      Plaintiff,

v.

NO NAMED RESPONDENT,

      Defendant.

---

## ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

Plaintiff initiated this action by filing a *pro se* Complaint.  (Doc. No. 1.) The Court must construe the Complaint liberally because the plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

First, the caption of Plaintiff's Complaint fails to name a defendant, or defendants, and therefore fails to comply with Federal Rule of Civil Procedure 10(a).  That rule provides, *inter alia*, the "[t]he title of the complaint must name all of the parties."  Fed. R. Civ. P. 10(a).  In addition, the court notes that the body of Plaintiff's Complaint likewise does not mention or

name any defendant(s).  *Cf. Baca v. Russell,* 10-cv-01966-BNB, 2010 WL 3613891, at *2 (D.

Colo. Sept. 7, 2010) (the plaintiff "must name specific defendants in the caption who are

responsible for the alleged constitutional deprivations and demonstrate in the text of the

Complain how each named defendant personally participated in the asserted claims.").

      Second, the court finds that Plaintiff's Complaint does not comply with the pleading

requirements of Federal Rule of Civil Procedure 8.  The twin purposes of a complaint are to give

the opposing parties fair notice of the bases for the claims against them so that they may respond

and to allow the court to conclude that the allegations, if proven, show that Plaintiff is entitled to

relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are

designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a)

provides that a complaint "must contain (1) a short and plain statement of the grounds for the

court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is

entitled to relief; and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the

requirements of Rule 8.

      Plaintiff's Complaint fails to set forth a short and plain statement of their claims showing

that she is entitled to relief.  Plaintiff's claims are unnecessarily verbose and unintelligible.

2

Finally, Federal Rule of Civil Procedure 11(a) provides that "every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented" and "must state the signer's address, e-mail address, and telephone number."  *See also* D.C.COLO.LCivR 10.1K ("The name, current mailing address, and telephone number of any . . . *pro se* party filing a paper shall be typed in a signature block at the end the paper.")  Although Plaintiff maintains that she has signed her Complaint in a manner consistent with Rule 11(a), her Complaint does not include a specific address where she can be reached.[1]  Moreover, although Plaintiff has included a phone number with her signature, she caveats that she is "not guaranteed to receive phone calls" at that number.

Altogether, Plaintiff will be directed to file an Amended Complaint that complies with the form requirements of Rule 10(a), the pleading requirements of Rules 8, and the signature requirements of Rule 11(a).  Plaintiff is reminded that it is her responsibility to (1) present her claims in a manageable format that allows the court and defendants, if any, to know what claims are being asserted and to be able to respond to those claims and (2) provide the court with the contact information required by Rule 11(a).  Accordingly, it is

ORDERED that Plaintiff file, **on or before November 17, 2012**, an Amended Complaint that complies with this Order.  It is

---

[1] To this effect, the court notes that Plaintiffs' failure to disclose a specific address renders it unlikely, at best, that the court will be able to serve Plaintiff with a copy of this order. The court must assume that Plaintiff may be monitoring this litigation and, if so, will receive notice via the Public Access to Court Electronic Records (PACER) system.

FURTHER ORDERED that if Plaintiffs fail within the time allowed to file an Amended Complaint, as directed, this court will recommend that this action be dismissed without further notice.

Dated this 17th day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge